UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RAYMOND S. CLAY, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:24-CV-279-TLS-AZ |
| FRANK BISIGNANO, Commissioner of the Social Security Administration, | |
| Defendant. | |

**OPINION AND ORDER**

The Plaintiff Raymond S. Clay seeks review of the final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits. For the reasons set forth below, the Court finds that reversal and remand for further proceedings is required.

**PROCEDURAL BACKGROUND**

On April 18, 2022, the Plaintiff filed an application for disability insurance benefits, alleging disability beginning on May 4, 2021. AR 192–98, 344, ECF No. 6. After the claim was denied initially and on reconsideration, the Plaintiff requested a hearing, which was held before the ALJ on November 8, 2023. AR 97–101, 103–06, 131, 152. On January 2, 2024, the ALJ issued a written decision, finding the Plaintiff not disabled, and the Appeals Council denied review. AR 1–6, 14–36. Thus, the ALJ's decision is the final decision of the Commissioner. *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019). The Plaintiff now seeks judicial review under 42 U.S.C. § 405(g). On July 11, 2024, the Plaintiff filed a Complaint [ECF No. 1] in this Court, seeking reversal of the Commissioner's final decision. The Plaintiff filed an opening brief, the Commissioner filed a response brief, and the Plaintiff filed a reply brief. ECF Nos. 8, 14, 15.

## THE ALJ'S DECISION

For purposes of disability insurance benefits, a claimant is "disabled" if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a). To be found disabled, a claimant must have a severe physical or mental impairment that prevents him from doing not only his previous work, but also any other kind of gainful employment that exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1505(a). An ALJ conducts a five-step inquiry to determine whether a claimant is disabled. 20 C.F.R. § 404.1520.

The first step is to determine whether the claimant is no longer engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i), (b). In this case, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since May 4, 2021, the alleged onset date. AR 19. At step two, the ALJ determines whether the claimant has a "severe impairment." 20 C.F.R. § 404.1520(a)(4)(ii), (c). Here, the ALJ determined that the Plaintiff has the severe impairments of bipolar disorder, lumbar degenerative disc disease with stenosis and radiculopathy, chronic pain syndrome, sacroiliitis, and obesity. *Id.*

Step three requires the ALJ to consider whether the claimant's impairment(s) "meets or equals one of [the] listings in [appendix 1 to subpart P of part 404 of this chapter]." 20 C.F.R. § 404.1520(a)(4)(iii), (d). If a claimant's impairment(s), considered singly or in combination with other impairments, meets or equals a listed impairment, the claimant will be found disabled without considering age, education, and work experience. *Id.* § 404.1520(a)(4)(iii), (d). The ALJ found that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listing. AR 20.

2

When a claimant's impairment(s) does not meet or equal a listing, the ALJ determines the claimant's "residual functional capacity" (RFC), which "is an administrative assessment of what work-related activities an individual can perform despite [the individual's] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001); *see also* 20 C.F.R. § 404.1520(e). In this case, the ALJ assessed the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can frequently climb ramps and stairs, occasionally climb ladders, ropes, or scaffolds, can frequently balance as defined in the Selected Characteristics of Occupations (SCO) of the DOT, and can occasionally stoop, kneel, crouch, and crawl. He must avoid concentrated exposure to hazards, such as unprotected heights and unguarded, moving mechanical parts. He must avoid concentrated exposure to dust, odors, fumes, and pulmonary irritants, as defined in the SCO. He can understand, remember, and carry out simple instructions. The claimant can have frequent interaction with coworkers, supervisors, and the general public.

AR 22.

The ALJ then moves to step four and determines whether the claimant can do his past relevant work in light of the RFC. 20 C.F.R. § 404.1520(a)(4)(iv), (f). In this case, the ALJ found that the Plaintiff is unable to perform any past relevant work. AR 26. If the claimant is unable to perform past relevant work, the ALJ considers at step five whether the claimant can "make an adjustment to other work" given the RFC and the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v), (g). Here, the ALJ found that the Plaintiff is not disabled because the Plaintiff can perform significant jobs in the national economy of address routing clerk, sales attendant, and marker. AR 27. The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski v. Halter*, 245 F.3d 881, 885–86 (7th Cir. 2001); *see also* 20 C.F.R. § 404.1512.

**STANDARD OF REVIEW**

The Social Security Act authorizes judicial review of the agency's final decision. 42 U.S.C. § 405(g). On review, a court considers whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *See Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017); 42 U.S.C. § 405(g). A court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citations omitted). Even if "reasonable minds could differ" about the disability status of the claimant, the court must affirm the Commissioner's decision if it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007)).

The court considers the entire administrative record but does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [the court's] own judgment for that of the Commissioner." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). Nevertheless, the court conducts a "critical review of the evidence," and "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez*, 336 F.3d at 539 (citations omitted); *see also Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014) ("A decision that lacks adequate discussion of the issues will be remanded."). The ALJ is not required to address every piece of evidence or testimony presented, but the ALJ "has a basic obligation to develop a full and fair record and must build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (cleaned up). However, "if the Commissioner commits an error of

law," remand is warranted "without regard to the volume of evidence in support of the factual findings." *White ex rel. Smith v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

## ANALYSIS

In this appeal, the Plaintiff argues that the ALJ failed to adequately explain how her residual functional capacity (RFC) assessment accounted for his limitations in "concentration, persistence, and pace," despite her finding that he has "moderate" limitations in that area. The Plaintiff contends that, as a result, the hypothetical posed to the vocational expert was inadequate. The Court finds the Plaintiff's arguments persuasive.

The RFC is a measure of what an individual can do despite his limitations. *Young v. Barnhart*, 362 F.3d 995, 1000–01 (7th Cir. 2004); 20 C.F.R. § 404.1545(a)(1). The "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The relevant evidence of the individual's ability to do work-related activities includes the claimant's medical history; medical signs and laboratory findings; the effects of treatment; reports of daily activities; lay evidence; recorded observations; medical source statements; the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment; evidence from attempts to work; need for a structured living environment; and work evaluations, if available. *Id.* at *5. The determination of a claimant's RFC is a legal decision rather than a medical one. *Thomas v. Colvin*, 745 F.3d 802, 808 (7th Cir. 2014) (citing 20 C.F.R. § 404.1527(d)). The Court considers the ALJ's treatment of the Plaintiff's moderate limitations in concentration, persistence, and pace (CPP).

5

Under the regulations, a "moderate" rating means that a claimant's functioning in the broad mental area "independently, appropriately, effectively, and on a sustained basis is *fair*." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(F)(2)(c) (emphasis added). Claimants whose "functioning in this area independently, appropriately, effectively, and on a sustained basis is *seriously limited*" should be rated as "marked," rather than "moderate." *Id.* § 12.00(F)(2)(d) (emphasis added). "[A]n RFC does not account for CPP limitations when it limits a claimant to certain kinds of work without addressing the claimant's ability to sustain that work." *Keck v. O'Malley*, No. 22-1716, 2024 WL 3935441, at *2 (7th Cir. Aug. 26, 2024) (citing *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021); *Martin v. Saul*, 950 F.3d 369, 374–75 (7th Cir. 2020); *Decamp v. Berryhill*, 916 F.3d 671, 675–76 (7th Cir. 2019)). This means that an ALJ commits an error when "the RFC [does] not account for the durational aspect of the claimant's CPP limitations." *Id.* (citing *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019)).

Here, at step two, the ALJ found that the Plaintiff has a moderate limitation in CPP. AR 21. In support, the ALJ noted that the Plaintiff "stated he had problems maintaining concentration and completing tasks" and "despite some concentration deficits, [the Plaintiff] was able to provide some care to his children as a stay at home father." *Id.* The ALJ recognized that during mental status examines, the Plaintiff "showed intact thought process, full orientation, fair to good judgment and insight, understanding of his mental condition and the reason for medication, and intact cognition." *Id.* She also commented that the Plaintiff "reported he watches television and drives, which require some concentration and persistence." *Id.*

Based on these moderate limitations, the ALJ crafted an RFC that included the ability to "understand, remember, and carry out simple instructions" and to "have frequent interaction with coworkers, supervisors, and the general public." AR 22. In her explanations for the RFC, the ALJ stated:

> Turning to the claimant's mental impairments, treatment notes show the claimant generally treated with his primary care physician for symptoms including depression, bipolar mood swings, and insomnia and distractibility. In August 2023 providers noted the claimant was doing better with medication. Mental status examination was within normal limits, as was the claimant's behavior and general appearance (Exs. 5F; 16F; 39F). The claimant reported he had never been hospitalized for psychiatric reasons (Ex. 10F/1). He reported abilities to perform significant activities of daily living, including driving his kids to school, preparing meals, doing light chores, and shopping for groceries (Ex. 10F/3).
>
> During a consultative examination, mental status was intact, and the examiner noted the claimant's memory, fund of information, judgment and insight, and thought form were all normal. His concentration was noted to be just mildly below normal (Ex. 10F/7). There was some observation of mental deficits including irritability, monthly cycles of insomnia followed by lethargy, with noted increased irritability at times. The claimant started seeing a psych specialist in September 2023, months before the hearing, and was prescribed psychotropic medication. Records show the claimant's medication regimen improved/stabilized the claimant's mood, and the claimant's mental status was within normal limits in September and October 2023 (Ex. 41F/4). Also of note, electroencephalogram (EEG) and MRI of the claimant's brain showed no significant abnormalities (Ex. 2F). Overall, the claimant's mostly mild concentration deficits warrant a limitation to simple work, while his noted irritation and need for psychotropic medication to manage his mood merit restrictions on interactions with others in the workplace.

AR 24.

These limitations and the explanations fail to address the durational aspect of CPP. Although the ALJ recognized the Plaintiff's limitations with respect to concentration and persistence and she limited the Plaintiff to "simple work," the ALJ did not address whether the Plaintiff could do the "simple work" persistently—such as throughout a normal workday or workweek in light of the Plaintiff's monthly cycles of insomnia followed by lethargy and problems completing tasks. This is an error that requires remand. *See Keck*, 2024 WL 3935441, at *3 ("And though the ALJ found that [the plaintiff] had moderate CPP limitations, he, like the ALJ in *Crump*, limited her to certain kinds of work—simple tasks, no multitasking, and so on—without addressing whether she could do that work persistently, such as throughout a normal workday or workweek.").

The Court is not persuaded by the Commissioner's defenses of the ALJ's decision. First, the Commissioner cites *Lothridge*, 984 F.3d at 1234, for the proposition that the Seventh Circuit has recently clarified that a moderate limitation in CPP does not necessitate specific RCF limitations. However, a moderate limitation in CPP necessitates specific RFC limitations under some circumstances. *See Lothridge*, 984 F.3d at 1234 (explaining that although there is no "categorical rule to the effect that an ALJ may never accommodate 'moderate' limitations in concentration, persistence, and pace with only a restriction to simple instructions and tasks," there was a "need for more restrictions based on the ALJ's 'moderate' rating" when "the ALJ [] fail[ed] to evaluate how long [the plaintiff] could remain on task and perform at speed, despite finding deficits in those areas"). Such circumstances include when, as here, the ALJ fails to evaluate how long the Plaintiff could remain on task or do simple work persistently, despite finding that the Plaintiff has monthly cycles of insomnia followed by lethargy and problems completing tasks. *See id*.

Second, the Commissioner argues that the Plaintiff failed to identify which limitations in CPP were supported by the record. However, the Plaintiff pointed out that the vocational expert testified that for the Plaintiff to be employable, he could be off task for no more than 10% of the time. AR 65. Nevertheless, "[t]he ALJ neither cited evidence that [the Plaintiff] could meet these benchmarks nor addressed the evidence that [he] could not," which the Seventh Circuit has determined warrants remand. *Lothridge*, 984 F.3d at 1234 (citing *Winsted v. Berryhill*, 923 F.3d 472, 477 (7th Cir. 2019)).

Based on the above, the Court finds inapposite the other cases that the Commissioner cites: *Pavlicek v. Saul*, 994 F.3d 777, 783 (7th Cir. 2021) (finding that "a 'moderate' limitation in performing at a consistent pace seems consistent with the ability to perform simple, repetitive tasks at a consistent pace," which is not a limitation in the instant case); *Jozefyk*, 923 F.3d at 498

(lacking a finding by the ALJ that the evidence showed moderate limitations in CPP), *Smallwood-Wolf v. Kijakazi*, No. 1:22-CV-373, 2023 WL 7180473, at *4–5 (N.D. Ind. Oct. 31, 2023) (analyzing a RFC with a limitation of "a routine work setting free from fast paced production requirements," which is not a limitation in the instant case), *Louis N. v. Kijakazi*, No. 1:22-CV-33, 2022 WL 15738960, at *6 (N.D. Ind. Oct. 28, 2022) (lacking a finding by the ALJ that the plaintiff had something similar to monthly cycles of insomnia followed by lethargy and problems completing tasks), *Amanda E. v. Kijakazi*, No. 2:21-CV-90, 2022 WL 4462431, at *6 (S.D. Ind. Sept. 23, 2022) (lacking the same), *Tina F. v. Kijakazi*, No. 4:20-CV-96, 2021 WL 4488162, at *4 (S.D. Ind. Sept. 15, 2021), *Holloway v. O'Malley*, No. 3:23-CV-475, 2024 WL 1364790, at *4 (N.D. Ind. Apr. 1, 2024) (lacking the same), *Dawn M.C. v. Kijakazi*, No. 1:22-CV-431, 2023 WL 2595545, at *4 (S.D. Ind. Mar. 22, 2023) (lacking the same), *Jason R. v. Saul*, No. 2:19-CV-352, 2020 WL 13555030, at *5 n.8 (S.D. Ind. Oct. 27, 2020) (lacking the same), and *Catherine D. v. O'Malley*, No. 4:23-CV-79, 2024 WL 4002574, at *8 (S.D. Ind. Aug. 30, 2024) (lacking the same).

In addition, remand is further required because the ALJ did not explain the Plaintiff's moderate limitations in CPP to the vocational expert. *See Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015) ("[B]oth the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record." (quoting *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014))). The hypothetical to the vocational expert only included limitations, as are relevant here, to "understand, remember, and carry out simple instructions" and "have frequent interactions with coworkers, supervisors, and the general public." AR 63. Based on the vocational expert's testimony, the ALJ found at step five of the sequential analysis that the Plaintiff could perform the jobs of routing clerk (222.687-022), sales attendant (299.677-010), and marker (209.587-034). *See* AR 27. It is unclear whether the ALJ

9

would have found that the Plaintiff could perform any of those jobs had she included the moderate limitation in CPP in her hypothetical.

For these reasons, remand is required for the ALJ to properly consider the Plaintiff's moderate limitations in CPP.

## CONCLUSION

For the reasons stated above, the Court GRANTS the relief sought in the Plaintiff's Brief [ECF No. 8], REVERSES the final decision of the Commissioner of the Social Security Administration, and REMANDS this matter for further proceedings consistent with this Opinion.

SO ORDERED on June 4, 2025.

                                          s/ Theresa L. Springmann
                                          JUDGE THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT